**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LEE A. MOSS, § | |
|       Plaintiff, § | |
| vs. § | Civil Action No. 3:21-CV-1055-E-BH |
| § | |
| MEDLINE INDUSTRIES INC. § | |
|       Defendant. § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, *Defendant's Motion to Dismiss for Want of Prosecution*, filed January 25, 2022 (doc. 20), should be **DENIED**. The *Alternative[] Motion to Compel Discovery and for Sanctions* is **GRANTED IN PART**.

### I. BACKGROUND

On May 10, 2021, Lee A. Moss (Plaintiff) filed this *pro se* action against his employer, Medline Industries, Inc. (Defendant), alleging discrimination based on sex and sexual orientation and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII). (doc. 3 at 5; doc. 8 at 5, 10-11, 13.)[2] After Defendant filed its answer on June 25, 2021, the parties were ordered to submit their proposals for scheduling and discovery, and a scheduling order setting certain pretrial deadlines was issued on July 20, 2021. (*See* docs. 14, 17, 18, 19.)

Defendant contends that it served interrogatories and requests for production on Plaintiff on September 28, 2021, and he received the discovery requests on September 29, 2021, but he failed to respond. (*See* doc. 20 at 2.) Its counsel sent Plaintiff a letter on November 1, 2021, which he received on November 2, 2021. (*Id.*) The letter provided him a "courtesy extension" of his deadline to respond

---

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to the discovery requests until November 11, 2021; included with the letter were additional copies of the discovery requests. (*Id.*)  Plaintiff again failed to respond.  (*Id.*)  On November 17, 2021, counsel sent him a second letter that provided him another "courtesy extension" until December 11, 2021, as well as more copies of the discovery requests.  (*Id.*)  Plaintiff again failed to respond to the discovery requests, or to "reach[] out or correspond[]with Defendant about the discovery requests at all."  (*Id.*)

## II.  INVOLUNTARY DISMISSAL

Defendant moves to dismiss this action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  (*See* doc. 20 at 1.)

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b). . .operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).  It is well-established that in the Fifth Circuit, dismissals under Rule 41(b) with prejudice are affirmed "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).  Additionally, courts have usually found "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id.* (citations omitted); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415 (5th Cir. 2006).

Defendant has not shown that this case presents a clear record of delay and contumacious conduct.  After Plaintiff failed to respond to its discovery requests or its two letters, it did not move for an order compelling him to respond.  Instead, only four months after the initial service of

2

discovery, it sought dismissal of this case with prejudice. The delay required to support this type of dismissal "must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.'" *See McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988) (quoting *John v. Louisiana*, 828 F.2d 1129, 1131 (5th Cir. 1987)); *see also Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976) (citing *Murrah v. Fire Ins. Exchange*, 480 F.2d 613 (5th Cir. 1973) (delay of 15 months) and *Salmon v. City of Stuart*, 194 F.2d 1004 (5th Cir. 1952) (no action taken for 15 months)). The United States Court of Appeals for the Fifth Circuit has recently noted that its decisions "'affirming Rule 41(b) dismissals with prejudice involve egregious and sometimes outrageous delays.'" *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Rogers v. Kroger*, 669 F.2d 317, 320-21 (5th Cir. 1982) (collecting cases involving multi-year delays)).

Additionally, without a prior motion to compel, there has been no opportunity to first employ lesser sanctions. *See id.* Lesser sanctions "include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings.'" *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 442 (5th Cir. 2016) (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013)). The current record is not sufficient to support an express determination that "'lesser sanctions would not prompt diligent prosecution.'" *Campbell*, 988 F.3d at 802 (quoting *Berry*, 975 F.2d at 1191); *see also Rogers*, 669 F.2d at 320.

Defendant's motion to dismiss this action with prejudice under Rule 41(b) should be denied.

### III.  DISCOVERY SANCTIONS

Defendant also moves to dismiss this action under Fed. R. Civ. P. 37(d) for failure to comply with discovery. (*See* doc. 20 at 1.)

Rule 37(d)(1)(A)(ii) provides that a court may order sanctions if a party fails to serve answers,

3

objections, or written responses to properly served interrogatories or requests for production. Fed. R. Civ. P. 37(d)(1)(A)(ii). In addition to attorney's fees, possible sanctions include the orders set out in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). One of those orders is dismissal of the case in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). A court's discretion "to impose the ultimate sanction of dismissal" under this rule is broad. *Moore v. CITGO Refining and Chemicals Co., L.P.*, 735 F.3d 309, 315-16 5(th Cir. 2013) (citations omitted).

Notwithstanding this broad discretion, courts should employ "the draconian remedy of dismissal with prejudice only in extreme circumstances." *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir.1979). "Litigation-ending sanctions are, by their very nature, the last resort." *Fuqua v. Horizon/CMS Healthcare Corp.*, 199 F.R.D. 200, 204 (N.D. Tex. 2000) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)). "Nevertheless, in certain circumstances, they are justified 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id.* (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)). The Fifth Circuit has articulated several factors that must be present before dismissal as a discovery sanction is justified: (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) the violation is "attributable to the client instead of the attorney"; (3) the violation "substantially prejudice[s] the opposing party"; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *FDIC*, 20 F.3d at 1380-81.

"Willfulness may be demonstrated by a party's 'failure to comply with the court's discovery order even after he was personally instructed to do so ... and stated that he understood what was required of him.'" *Bell v. Texaco, Inc.*, 493 F. App'x 587, 593 (5th Cir. 2012) (quoting *Chisesi v. Auto*

4

*Club Family Ins. Co.*, 374 F. App'x 475, 477 (5th Cir.2010)).  It may "also be evidenced by a repeated failure to provide anything other than generalized or non-responsive answers in response to specific requests for compliance by the court."  *Id.* (citing *Yazdchi v. American Honda Fin. Corp.*, 217 F. App'x 299, 303 (5th Cir.2007)).  "Deliberate, repeated refusals to comply with discovery orders have been held to justify the use of th[e] ultimate sanction" of dismissal with prejudice. *Bonaventure*, 593 F.2d at 626.

In the absence of a prior motion compel, there is no order compelling Plaintiff to respond to Defendant's discovery with which he has failed to comply, much less repeated refusals to comply with court orders.  As discussed, Defendant has also not shown that this case presents a clear record of delay and contumacious conduct, or that sanctions lesser than dismissal would be ineffective. Dismissal of this case as a discovery sanction is also not warranted on the basis of this record.

## IV.  MOTION TO COMPEL

Defendant alternatively moves to compel Plaintiff to respond to its discovery requests and to provide dates for his deposition, and for monetary sanctions.

Defendant has established that it properly served discovery on Plaintiff.  He has not met his burden to show that he has responded to that discovery, or that the discovery should not be had.  *See Merrill v. Waffle House*, Inc. 227 F.R.D. 475, 477 (N.D. Tex. 2005) (noting that the burden to show why discovery should not be had is on the party resisting discovery) (citing *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990)).  By not timely responding, he has waived any objections to that discovery.  *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). The motion to compel Plaintiff to respond to Defendant's discovery requests is therefore **GRANTED**. **He must serve his verified answers and responses, as well as all responsive documents, on**

**Defendant within 21 days of the date of this order, unless otherwise agreed by the parties in writing**.

Because the deadline for completion of discovery set forth in the scheduling order has expired, the motion to compel Plaintiff to provide deposition dates is **DENIED**.

With regard to the request for monetary sanctions, Rule 37 provides that if a motion to compel is granted, the court must, after providing an opportunity to be heard, require the responding party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, except in limited circumstances. **Within 21 days of the date of this order**, Defendant may file an application for attorney's fees. The fee application must be supported by documentation evidencing the "lodestar"[3] calculation, including affidavits and billing records, and citations to relevant authorities. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (using the "lodestar" method to award attorney's fees under Rule 37).

## V.  RECOMMENDATION

Defendant's motion to dismiss this case with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or under Fed. R. Civ. P. 37(d) for failure to comply with discovery should be denied.

**SO RECOMMENDED on this 26th day of May, 2022.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] The "lodestar" method is explained in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE